# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| STEVEN K. YOUNG <br><br> *Plaintiff(s)* <br> v. <br> QUALITY LOAN SERVICE CORP. OF WASHINGTON <br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* QUALITY LOAN SERVICE CORP. OF WASHINGTON
c/o SIERRA HERBERT-WEST
108 1ST AVE S #202
SEATTLE, WA 98104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: STEVEN K. YOUNG
2030 280TH PLACE NE
CARNATION, WA 98014

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____     _____
                                  *Signature of Clerk or Deputy Clerk*

Steven K. Young
2030 280th Place NE
Carnation, WA 98014
(425) 785-8225

*Plaintiff in Pro Se*

# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN K. YOUNG | Case No. 19-cv-00867-JLR-MLP |
| **Plaintiff** | |
| v. | **SECOND AMENDED VERIFIED COMPLAINT FOR:** |
| DITECH FINANCIAL LLC FKA GREEN TREE SERVICING LLC; QUALITY LOAN SERVICE CORP. OF WASHINGTON; and DOES 1-10, Inclusive | 1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES (FDCPA) U.S.C. 1692e § 807(5) |
| | 2. VIOLATION OF THE WASHINGTON DEED OF TRUST ACT |
| **Defendant(s).** | 3. VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT |
| | 4. QUIET TITLE |
| | 5. DECLARATORY RELIEF |
| | *Jury trial demanded* |

///
///
///

1

# JUDICIAL NOTICE

10. Plaintiff moves this Honorable Court to take Mandatory Judicial Notice under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

b. In *Platsky v CIA*, 953 F.2d 26 (2$^{nd}$Cir. 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the plaintiff so that he could have amended his pleadings accordingly. Plaintiff respectfully reserves the right to amend. A pro se plaintiff's pleadings and filings are liberally construed and are held to a less stringent standard than documents drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011). In evaluating a pro se plaintiff's "compliance with the technical rules of civil procedure, we treat him with great leniency." *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

c. Under the Federal Rules of Evidence 1002 and 1003 governing the admissibility of duplicates, any photocopies brought in as evidence are considered to be forgeries. It is unfair to admit a photocopy in the place of an original as there are information contained within the original that is not in a photocopy, specifically the only legally binding chain of title to the promissory note.

d. Under Uniform Commercial Code - ARTICLE 3 -§3-308, all signatures presented that is not on an original format (with the original wet ink signature) is hereby denied and is inadmissible.

COMES NOW the Plaintiff, Steven K. Young ("Plaintiff"), complaining of the Defendant as named above, and each of them, as follows:

## I. THE PARTIES

1. Plaintiff is now, and at all times relevant to this action, a resident of the County of KING, State of Washington.

2. Defendant, DITECH FINANCIAL LLC FKA GREEN TREE SERVICING LLC (herein referred to as "DITECH") is a mortgage servicing company/debt collector doing business in the County of KING, State of WASHINGTON.

3. Defendant, QUALITY LOAN SERVICE CORP. OF WASHINGTON, is a foreclosure trustee service doing business in the County of KING, State of WASHINGTON.

4. At all times relevant to this action, Plaintiff has owned the Property located at 238 Sunset Drive, Pacific, WA 98047 (the "Property").

5. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 10, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

**SECOND AMENDED VERIFIED COMPLAINT**

## II. JURISDICTION

7. The transactions and events which are the subject matter of this Complaint all occurred within the County of KING, State of WASHINGTON.

8. The Property is located within the County of KING, State of WASHINGTON with an address of 238 Sunset Drive, Pacific, WA 98047 (the "Property").

9. The Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§1331, 1343, 2201, 2202, 15 U.S.C. §1692, 12 U.S.C. §2605, and 42 U.S.C. §1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

10. This Court also has supplemental jurisdiction over any pendant state law Claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. §1367.

11. This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §1332 which confers original jurisdiction on Federal district courts in suits between diverse citizens that involve an amount in controversy in excess of $75,000.00. In the case at bar, Defendant and the Plaintiff is diverse based upon the current construction of that language under 28 U.S.C. §1332. Every issue of

law and fact in this action is wholly betweeen citizens of difference states. The actual mortgage at issue in this case is in the amount of $130,306.29. As such, Plaintiff contends, is informed and believes that this court has jurisidiction over this case pursuant to 28 U.S.C. §1332(a)(1).

12. The unlawful conduct, illegal practices, and acts complained of and alleged in this Complaint were all committed in this District of Washington and involved real property that is location in this District of Washington. Therefore, venue properly lies in this District, pursuant to 28 U.S.C. §1391(b).

13. Plaintiff is now, and at all times mentioned herein, an individual residing in the City of Pacific, in the State of Washington.

### III. INTRODUCTORY ALLEGATIONS

14. This is an action brought by Plaintiff seeking to enjoin the impending foreclosure, quiet title and for compensatory, special, general and punitive damages.

15. Plaintiff disputes any foreclosure proceedings regarding the real property in question. This action to foreclose is barred by the statute of limitations." RCW 7.28.300. In late 2012 Plaintiff received a letter of acceleration from Greentree Financial that threatened that if an amount was not paid within 30 days then

Greentree Financial would accelerate the note and foreclose on the Subject Property

16. Pursuant to the Deed of Trust the lender has the discretion to accelerate the debt and gives the borrower the right to reinstate.

## IV. SPECIFIC ALLEGATIONS

17. In mid-2014, Northwest Trustee Service served Plaintiff with a Notice of Default and a subsequent to that, a Notice of Trustee Sale, with a sale date of December 12, 2014.

18. It has been over 7 years since the lender Greentree Financial sent its letter of acceleration of Debt to Plaintiff. Plaintiff therefore requests that this Honorable Court

19. Acceleration is a key issue in quiet title claims because the six-year limitations period on the final installment of the loan commences upon acceleration. Washington law has long provided that to accelerate a debt, "the acceleration must be clearly and unequivocally expressed to the debtor." *Washington Fed. v. Azure Chelan LLC*, 195 Wash. App. 644, 663 (2016) (citing *Weinberg v. Naher*, 51 Wash. 591, 594 (1909) and *Glassmaker v. Ricard*, 23 Wash. App. 35, 38 (1979)).

7

**SECOND AMENDED VERIFIED COMPLAINT**

20. Lending support to this acceleration theory, federal courts found in two cases that notices of intent to accelerate caused an acceleration under Washington law where the notices contained a statement such as "If the default is not cured on or before [X], the mortgage payments will be accelerated . . . ."

21. In *Merceri v. Bank of New York Mellon ex rel. Holders of the Alternative Loan Tr. 2006-OA19* ("*Merceri II*"), No. 76706-2-I, P.3d, 2018 WL 3830033 (Wash. Ct. App. Aug. 13, 2018), the trial court granted judgment for quiet title on a $468,000 mortgage in favor of the borrower. The trial court found that the above-referenced language caused acceleration.

22. Further, in *Cedar West Owners Association v. Quality Loan and Nationstar*, Plaintiff Cedar West filed a lawsuit against *Quality Loan* and *Nationstar* to quiet title to the property and enjoin the trustee's sale. Cedar West alleged the six-year statute of limitations barred the nonjudicial foreclosure.

23. Greentree's 2012 letter of acceleration to Plaintiff clearly stated the following language: "If the default is not cured on or before [X], the mortgage payments will be accelerated . . . ." As a result of same, Plaintiff hereby alleges the six-year statute of limitations bars the nonjudicial foreclosure; and pursuant to RCW 7.28.300, the Trustee Sale, scheduled for August 9, 2019, must be enjoined.

**SECOND AMENDED VERIFIED COMPLAINT**

# V. FIRST CAUSE OF ACTION
# VIOLATION OF FAIR DEBT COLLECTION PRACTICES (FDCPA)
# U.S.C. 1692e § 807(5)
# (Defendant)

24. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

25. Plaintiff asserts and believes Defendant knew, as a result of the tolling of the statute of limitation, they did not have a right to collect payments and or threaten to foreclose on Plaintiff's real property.

# VI. SECOND CAUSE OF ACTION:
# VIOLATION OF WASHINGTON STATE
# DEED OF TRUST ACT
# (Defendant Quality)

26. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27. Plaintiff asserts and believes that the interest and payment stated on the Notice of Trustee Sale. Plaintiff has no way of verifying same.

# VII. THIRD CAUSE OF ACTION
# VIOLATION OF WASHINGTON STATE
# CONSUMER PROTECTION ACT
# (Defendant Quality)

28. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. The elements of a CPA claim are well-established and not in dispute

30. To prevail on her CPA claim, a plaintiff must prove the following elements: (1) an unfair or deceptive act or practice; (2) the act or practice occurred in trade or commerce; (3) the act or practice impacts the public interest; (4) the act or practice caused injury to the plaintiff in his business or property; and (5) the injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

31. Plaintiff asserts and believes that all of the above-referenced elements are in place.

## VIII. FOURTH CAUSE OF ACTION
## QUIET TITLE
## (Defendant)

32. Plaintiff's title to the above-described property is derived as follows: On or about April 28, 2008 (hereinafter referred to as "Closing Date") Plaintiff entered into a consumer credit transaction with Countrywide Bank by obtaining a mortgage loan in the sum of $243,750.00, secured by Plaintiff's principal residence, (Subject Property). This note was secured by a First Trust Deed on the Property in favor of Countrywide Bank.

///

**SECOND AMENDED VERIFIED COMPLAINT**

33. The Defendant named herein claim an interest and estate in the property adverse to plaintiff in that defendant asserts he is the owner of the note secured by the Mortgage/Deed of Trust to the property the subject of this suit.

34. The Defendant named herein claims an interest and estate in the property adverse to plaintiff in that defendant asserts he is the owner of Mortgage/Deed of Trust securing the note to the property the subject of this suit.

35. The statute of limitations has tolled and Plaintiff is entitled to "judgment quieting title" against the security instrument. Therefore, any claim by defendant is without any right whatsoever, and defendant has no right, estate, title, lien or interest in or to the property, or any part of the property.

36. The claim of the defendant herein named, claim some estate, right, title, lien or interest in or to the property adverse to plaintiff's title, and these claims constitute a cloud on plaintiff's title to the property.

37. Plaintiff requests the decree permanently enjoin defendant, and all persons claiming under them, from asserting any adverse claim to plaintiff's title to the property.

## IX. FIFTH CAUSE OF ACTION: DECLARATORY RELIEF

38. Plaintiff re-alleges and incorporatess by reference all preceding paragraphs as though fully set forth herein.

39. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties regarding the Note and Mortgage/Trust Deed.

**SECOND AMENDED VERIFIED COMPLAINT**

40. Plaintiff contends that as a result of the tolling of the statute of limitations, that Defendant does not have authority to foreclose upon the Subject Property; and the Trustee Sale, scheduled for August 9, 2019, must be enjoined.

41. Plaintiff therefore request that as a result of the tolling of the statute of limitations, a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

42. Plaintiff requests that as a result of the tolling of the statute of limitations, all adverse claims to the real property be must determined by a decree of this court.

43. Plaintiff requests that as a result of the tolling of the statute of limitations, the decree declare and adjudge that plaintiff is entitled to the exclusive possession of the property.

44. Plaintiff requests that as a result of the tolling of the statute of limitations, the decree declare and adjudge that plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

45. Plaintiff requests that as a result of the tolling of the statute of limitations, the decree declare and adjudge that the defendant, has no estate, right, title, lien, or interest in or to the real property or any part of the property.

///

///

///

**SECOND AMENDED VERIFIED COMPLAINT**

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff, hereby asks for the following to be awarded:

a. A judgment setting forth that the six-year statute of limitations bars the nonjudicial foreclosure; the Trustee Sale, scheduled for August 9, 2019, is enjoined;

b. A judgment quieting title against the security instrument, and in favor of Plaintiff;

c. A judgment setting forth that Plaintiff is entitled to the exclusive possession of the property;

d. A judgment setting forth that Plaintiff owns in fee simple, and is entitled to the quiet and peaceful possession of, the above-described real property.

e. Defendant and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property; and

f. A judgment setting forth that the foreclosure sale date be cancelled.

Dated: 6/17, 2019

Respectfully Submitted,

By: _____
Steven K. Young
Plaintiff, In *Pro Per*

# VERIFICATION

I, Steven K. Young, am the plaintiff in this action. I have read the foregoing Second Amended Complaint, and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

_____

*[signature]*
Steven K. Young
In *Pro Per*

*[signature]*
NOTARY
[SEAL]

*[Notary seal: FELIPE ARANDA, NOTARY PUBLIC, STATE OF WASHINGTON, COMMISSION EXPIRES 04-04-2020]*

State of Washington
County of King
Signed and sworn to (or affirmed) before me on 06/17/2019 (date)
by Steven K. Young (name of person making statement)
Notary Signature *[signature]*
Title Notary Public
My appointment expires 04/04/2020

14

**SECOND AMENDED VERIFIED COMPLAINT**