UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN K. YOUNG,<br><br>Plaintiff,<br>v.<br><br>DITECH FINANCIAL LLC, et al.,<br><br>Defendants. | CASE NO. C19-0867JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court are *pro se* Plaintiff Steven Young's complaint, first amended complaint, and second amended complaint.[1] (*See* Compl. (Dkt. # 1); FAC (Dkt # 6); SAC (Dkt. # 7-1).) In each version of the complaint, Mr. Young alleges that the court's subject matter jurisdiction is based on diversity of citizenship. (Compl. ¶ 10; FAC ¶ 11; SAC ¶ 11.) The party invoking jurisdiction must allege facts that establish the court's

---

[1] The court does not address at this time whether Mr. Young's second amended complaint is properly before the court. *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

ORDER - 1

subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987). Federal diversity jurisdiction requires complete diversity of citizenship between the parties, where each of the plaintiffs is a citizen of a different state than each of the defendants. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company has the citizenships of all of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Mr. Young has failed to plead the citizenship of Defendant Ditech Financial LLC formerly known as Green Tree Servicing LLC's ("Ditech") members, or the state of incorporation or principal place of business of Defendant Quality Loan Service Corporation of Washington ("Quality"). (*See* Compl.; FAC; SAC.) Absent allegations of Ditech's and Quality's citizenship, Mr. Young has not established diversity jurisdiction.

Mr. Young also cites to the Fair Debt Collection Practices Act ("FDCPA"), a federal statute, as the basis for one of his claims. (*See* Compl. ¶¶ 23-24; FAC ¶¶ 24-25; SAC ¶¶ 24-25.) This claim could satisfy the court's federal question jurisdiction. *See* 28 U.S.C. § 1331. However, even construing this claim liberally in light of Mr. Young's *pro se* status, Mr. Young's FDCPA claim is incoherent and cannot form the basis for federal question jurisdiction as pleaded: the statute that Mr. Young cites, "U.S.C. 1692e

§ 807(5)," does not exist and the statute that most closely resembles this citation, 15 U.S.C. § 1692e, does not reference a statute of limitations or the tolling thereof, which is the basis for Mr. Young's purported FDCPA claim. (*See* Compl. ¶¶ 23-24; FAC ¶¶ 24-25; SAC ¶¶ 24-25.)

Accordingly, the court ORDERS Mr. Young to show cause why this case should not be dismissed for lack of subject matter jurisdiction. If Mr. Young relies on this court's diversity jurisdiction, he must adequately plead Ditech's and Quality's citizenship. If Mr. Young relies on this court's federal question jurisdiction, he must plead a coherent claim based on a real federal statute. If Mr. Young fails to provide the court with the information described above within 14 days of this order, the case will be dismissed without prejudice.

Dated this 28th day of June, 2019.

JAMES L. ROBART
United States District Judge