UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN K. YOUNG,<br><br>    Plaintiff,<br> v.<br><br>DITECH FINANCIAL LLC,<br>QUALITY LOAN SERVICE CORP<br>OF WASHINGTON,<br><br>    Defendants. | CASE NO. C19-0867JLR<br><br>ORDER TO SHOW CAUSE AND PARTIALLY STAYING THE CASE |

**A. Order to Show Cause**

On June 28, 2019, the court ordered *pro se* Plaintiff Steven K. Young to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (OSC (Dkt. # 10).) The court noted that Mr. Young had not adequately pleaded the parties' citizenship necessary to invoke the court's diversity jurisdiction. (*Id.* at 1-2.) The court reminded Mr. Young that "[a] limited liability company has the citizenships of all of its

ORDER - 1

1  members." (*Id.* at 2 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894,
2  899 (9th Cir. 2006)).)  The court also noted that even construed liberally, Mr. Young
3  failed to properly invoke the court's federal question jurisdiction because his claim under
4  the Fair Debt Collection Practices Act ("FDCPA") relied on a statute that does not exist,
5  and the statute that most closely resembles it, 15 U.S.C. § 1692e, "does not reference a
6  statute of limitations or the tolling thereof, which is the basis for Mr. Young's purported
7  FDCPA claim." (OSC at 2-3.)

8  On July 11, 2019, Mr. Young filed a notice to voluntarily dismiss Defendant
9  Quality Loan Service Corp of Washington. (Dismissal Not. (Dkt. # 15).) The following
10 day, Mr. Young responded to the court's order to show cause. (OSC Resp. (Dkt. # 16).)
11 In his response, Mr. Young alleges that he is a citizen of Washington and that "Defendant
12 DITECH is a citizen of the State of Pennsylvania." (Resp. to OSC at 2.) Mr. Young does
13 not assert the citizenship of any of Ditech Financial LLC's ("Ditech") members. (*See*
14 *generally* OSC Resp.) Mr. Young also states that he "erroneously cited 1692e § 807(5)
15 regarding his FDCPA claim in his Complaint" and that the "correct citation is 15 U.S.C.
16 § 1692e." (*Id.*) Mr. Young "requests leave from the Court to further amend his
17 complaint" to include the above language on diversity of citizenship, and to "remove
18 tolling language as follows: '25. Plaintiff asserts and believes Defendant knew, ~~as a result~~
19 ~~of the tolling of the statute of limitation~~, they did not have a right to collect payments or
20 and or threaten to foreclose on Plaintiff's real property.'" (*Id.* at 2-3 (strikethrough in
21 original) (bolding omitted).)  Mr. Young provides no additional facts from which the
22

court can determine whether Mr. Young's claim falls under 15 U.S.C. § 1692e. (*See generally id.*)

Mr. Young has failed to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction. The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Mr. Young failed to assert the citizenship of Ditech's members. (*See generally* Resp. to OSC.) Mr. Young also failed show cause as to the court's federal question jurisdiction. (*See generally id.*) Although he identified the specific statute under which he intends to bring his FDCPA claim (OSC at 2 (stating that the "correct citation is 15 U.S.C. § 1692e")), Mr. Young failed to assert any facts to establish that his claim falls under that statute (*see generally* OSC Resp.). Instead, Mr. Young seeks to remove language regarding the statute of limitations and tolling from his complaint. (*See id.* at 2-3.) In doing so, however, Mr. Young leaves his asserted claim devoid of any facts from which the court can determine that Mr. Young has sufficiently pleaded a claim under 15 U.S.C. § 1692e.

Liberally construing Mr. Young's request "to further amend his complaint" (Resp. to OSC at 3) as a motion to file a third amended complaint, the Court finds that Mr. Young's proposed amendment would not cure his complaint's jurisdictional defects and therefore DENIES WITHOUT PREJUDICE Mr. Young's motion (Dkt. # 16). In consideration of Mr. Young's *pro se* status, the court will afford Mr. Young one more chance to present facts from which the court can determine it has subject matter jurisdiction over Mr. Young's case.

1    Accordingly, the court ORDERS Mr. Young to show cause, within 14 days, why
2 his complaint should not be dismissed for lack of subject matter jurisdiction.  Mr. Young
3 is instructed to file a written response to this order, which (a) asserts the citizenship of
4 each member of Ditech, and if any member of Ditech is itself a limited liability company,
5 each of that company's members, until each layer of limited liability company
6 membership is reduced to the individual members;[1] and (b) asserts specific facts from
7 which the court can determine whether Mr. Young's claim falls under 15 U.S.C. Section
8 1692e.  If Mr. Young fails to show cause once again, the court will dismiss his complaint
9 for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United*
10 *States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987) (holding that if a federal court determines
11 that it lacks subject matter jurisdiction at any time during a dispute, the court must
12 dismiss the action).

**B.    Order Staying Mr. Young's FDCPA Claim**

On August 5, 2019, Ditech, the sole remaining defendant, informed the court that it and its debtor affiliates voluntarily filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York ("the Bankruptcy Court").  (*See* Bankr. Not. (Dkt. # 20) at 1; Bankr. Pet. (Dkt. # 20-1) at 1.)  Ditech correctly asserts that "the filing of a bankruptcy petition 'operates as a stay, applicable to all entities,' of, or among other things 'the commencement or continuation, including the issuance or

---

[1] *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies).

ORDER - 4

employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case]' and 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.'"  (Bankr. Not. at 2 (quoting 11 U.S.C. § 362(a)(1), (3)) (alterations in Bankr. Not).)

However, Ditech also informed the court that the Bankruptcy Court issued a limited stay modification order (Stay Modification Order (Dkt. # 20-2)), which, at Ditech's request, modified the stay "to allow Interested Parties to assert and prosecute claims, cross-claims, third-party claims, and counter-claims" that fall into certain categories, defined as "Permitted Default Actions" (*id.* ¶ 16) and "Permitted Title Disputes (*id.* ¶ 20).  The Stay Modification Order allows claims that fall into the defined categories to "proceed separately from any other claim that is stayed by the Bankruptcy Code."  (*Id.* ¶¶ 18, 22.)  "Should there be any disagreements between or among any Interested Parties and/or the Debtors regarding whether any claims, cross-claims, third-party claims, or counterclaims fall within the exception the automatic stay approved by [the Bankruptcy Court], [the Bankruptcy Court] shall have exclusive jurisdiction to hear and resolve such disputes."  (*Id*. (alterations added).)

The parties filed a joint status report on August 21, 2019.  (JSR (Dkt. # 22).)  In it, Ditech asserts that Mr. Young's FDCPA claim is subject to the Bankruptcy Court's automatic stay, but that "[Mr. Young's] claims for Quiet Title and Declaratory Relief are

not stayed." (*Id.* at 2.)  Mr. Young makes no statement in the JSR or otherwise regarding which of his claims are subject to the Stay Modification Order.  (*See generally id.*; *see generally* Dkt.)  The court therefore concludes that Mr. Young's FDCPA claim—but not his claims for quiet title and declaratory relief—are subject to the automatic stay.  *See* 11 U.S.C. § 362.  Accordingly, the court STAYS this case with respect to Mr. Young's FDCPA claim until the automatic stay is lifted.[2]  Mr. Young's remaining claims are not subject to this order to stay.

Dated this 3rd day of September, 2019.

JAMES L. ROBART
United States District Judge

---

[2] The court cautions Mr. Young that this court's stay has no effect on the court's order to show cause.  *See supra* § A; *see Rosales*, 824 F.2d at 803 n.4 (holding that if a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action).