UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN K. YOUNG, | CASE NO. C19-0867JLR |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| DITECH FINANCIAL, LLC, et al., | |
| Defendants. | |

On September 3, 2019, the court ordered *pro se* Plaintiff Steven K. Young to show cause for the second time why this case should not be dismissed for lack of subject matter jurisdiction. (*See* 2d OSC (Dkt. # 23) at 1 (citing 1st OSC (Dkt. # 10)).) Specifically, the court ordered Mr. Young to file a written response that:

> (a) asserts the citizenship of each member of Ditech [Financial LLC ("Ditech")], and if any member of Ditech is itself a limited liability company, each of that company's members, until each layer of limited liability company membership is reduced to the individual members; and (b) asserts specific facts from which the court can determine whether Mr. Young's claim falls under 15 U.S.C. Section 1692e.

ORDER - 1

1  (*Id.* at 4.) The court cautioned Mr. Young that if he "fails to show cause once again, the
2  court will dismiss his complaint for lack of subject matter jurisdiction." (*Id.* (citing Fed.
3  R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987)).)
4        Mr. Young filed his response on September 16, 2019. (2d OSC Resp. (Dkt.
5  # 24).) In it, Mr. Young asserted the citizenship of "the following Board Members of
6  Ditech who are citizens of the State of Pennsylvania." (*See id.* at 2.) Mr. Young appears
7  to confuse "director" with "member." LLC members are those with an ownership
8  interest in the LLC, and are not necessarily directors. *See, e.g.*, RCW 25.15.116. Mr.
9  Young does not assert that the directors he lists are all Ditech members, and if so,
10 whether the list of directors is the complete list of Ditech members. Therefore, Mr.
11 Young has again failed to assert "the citizenship of each member of Ditech." (*See* 2d
12 OSC at 4); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899
13 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an
14 LLC is a citizen of every state of which its **owners/members** are citizens.") (emphasis
15 added).
16       Mr. Young also fails to assert "specific facts from which the court can determine
17 whether Mr. Young's claim falls under 15 U.S.C. Section 1692e." (*See generally id.*; *see
18 also* 2d OSC Resp. at 4.) Instead, Mr. Young requests that the court transfer "this
19 proceeding/case to the U.S. Bankruptcy Court, Western District of Washington." (*See* 2d
20 OSC Resp. at 3.) The court does not reach Mr. Young's request to transfer, because Mr.
21 Young has not satisfied the court that it has subject matter jurisdiction in the first
22 //

instance.[1] *See Rosales*, 824 F.2d at 803 n.4 (holding that if a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action).

Mr. Young has had several opportunities to properly assert subject matter jurisdiction. (*See* Compl. (Dkt. # 1); OSC Resp.; 2d OSC Resp.) Still, he has not asserted sufficient facts for the court to conclude that it has either diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. Although Mr. Young cites a federal statute as the basis of his Fair Debt Collection Practices Act ("FDCPA") claim, he has not alleged facts sufficient for the court to conclude that his claim arises under that statute.

Notwithstanding Mr. Young's repeated failures to properly assert subject matter jurisdiction, he appears to make a good-faith effort by (mistakenly) asserting the citizenships of Ditech's directors. Considering Mr. Young's *pro se* status, and his apparently good-faith efforts, the court will afford Mr. Young one final opportunity to properly assert the citizenships of each and every Ditech member, and to allege specific facts establishing that his purported FDCPA claim arises under 15 U.S.C. § 1692e.

Accordingly, the court ORDERS Mr. Young to file a written response to this order within 14 days that (1) asserts the citizenship of each and every Ditech member, and (2) alleges specific facts establishing that his purported FDCPA claim arises under 15 U.S.C.

---

[1] Additionally, Mr. Young fails to explain how his claim under the Fair Debt Collection Practices Act is a proceeding "arising under title 11 or arising in or related to a case under title 11." *See* 28 USC § 157.

§ 1692e. Mr. Young is instructed to limit his response to this order to the sole question of jurisdiction, and refrain from making requests to transfer or seeking any further relief from the court until the court has determined it has subject matter jurisdiction over this case. If Mr. Young fails to establish subject matter jurisdiction after what will now be Mr. Young's fourth opportunity, the court will dismiss his complaint for lack of subject matter jurisdiction. If the court does so, it will dismiss the case without prejudice to Mr. Young filing proper claims in a court with jurisdiction over them.

Dated this 8th day of November, 2019.

JAMES L. ROBART
United States District Judge