UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN K. YOUNG,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DITECH FINANCIAL, LLC, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C19-0867JLR<br><br>ORDER OF DISMISSAL |

On September 3, 2019, the court ordered *pro se* Plaintiff Steven K. Young to show cause for the second time why this case should not be dismissed for lack of subject matter jurisdiction. (*See* 2d OSC (Dkt. # 23) at 1 (citing 1st OSC (Dkt. # 10)).) Specifically, the court ordered Mr. Young to file a written response that:

> (a) asserts the citizenship of each member of Ditech [Financial LLC ("Ditech")], and if any member of Ditech is itself a limited liability company, each of that company's members, until each layer of limited liability company membership is reduced to the individual members; and (b) asserts specific facts from which the court can determine whether Mr. Young's claim falls under 15 U.S.C. Section 1692e.

(*Id.* at 4.)  The court cautioned Mr. Young that if he "fails to show cause once again, the court will dismiss his complaint for lack of subject matter jurisdiction." (*Id.* (citing Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987)).)

Mr. Young responded on September 16, 2019.  (2d OSC Resp. (Dkt. # 24).)  His response failed to assert "the citizenship of each member of Ditech." (*See* 2d OSC at 4); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its **owners/members** are citizens.") (emphasis added). Mr. Young also failed to assert "specific facts from which the court can determine whether Mr. Young's claim falls under 15 U.S.C. Section 1692e." (*See* 2d OSC at 4.)

Notwithstanding Mr. Young's repeated failures to properly assert subject matter jurisdiction, the court afforded Mr. Young a fourth opportunity and ordered him to file a written response that (1) asserts the citizenship of each and every Ditech member, and (2) alleges specific facts establishing that his purported Fair Debt Collection Practices Act claim arises under 15 U.S.C. § 1692e.  (*See* 3d OSC (Dkt. # 25) at 3-4.)  The court cautioned Mr. Young that if he fails to establish subject matter jurisdiction after what will now be Mr. Young's fourth opportunity, the court will dismiss his complaint for lack of subject matter jurisdiction.  (*See id.* at 4.)

Mr. Young's response to the court's order to show cause was due November 22,

//

//

//

2019.  Mr. Young failed to file a written response.  (*See generally* Dkt.)  Accordingly, the court DISMISSES this case without prejudice.

Dated this 10th day of December, 2019.

JAMES L. ROBART
United States District Judge